### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| WAYNAH MAYFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No. |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| LUFTHANSA CARGO | ) | |
| AKTIENGESELLSCHAFT, INC. | ) | |
| Defendant. | ) | |

### COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

Plaintiff Waynah Mayfield ("Plaintiff" or "Ms. Mayfield") files this Complaint for Equitable Relief and Damages against Lufthansa Cargo Aktiengesellschaft, Inc. ("Defendant" or "Lufthansa AG") showing the Court as follows:

### INTRODUCTION

1.     Ms. Mayfield is a former employee of Lufthansa AG, having worked for Lufthansa AG in a temporary position starting March 2018, later becoming a permanent employee January 2019, until November 30, 2023.

2.     Ms. Mayfield asserts claims for race and gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*, race discrimination and retaliation under 42 U.S.C. § 1981; age discrimination and retaliation under the Age Discrimination in

Employment Act of 1967, 29 U.S.C. §§ 621-634; and interference and retaliation in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*.

3.      Ms. Mayfield seeks equitable relief, back pay and lost benefits, front pay or reinstatement to a full-time position with commensurate benefits, compensatory damages, liquidated damages, punitive damages, and attorney's fees and costs of litigation.

## JURISDICTION AND VENUE

4.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

5.      Venue is proper in this district and division under 28 U.S.C. § 1391 because Defendant Lufthansa AG conducts business in this district and division and the unlawful actions and practices alleged herein were committed within the Northern District of Georgia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.      Ms. Mayfield filed a charge discrimination with the Equal Employment Opportunity Commission within 180 days of the occurrence of the acts of which she complains.

7.      Ms. Mayfield received a Determination and Notice of Right to Sue relating to her Charge of Discrimination, Charge Number 410-2024-00506.

8.     Ms. Mayfield brings this suit within ninety (90) days of receipt of her Determination and Notice of Rights.

## THE PARTIES

9.     Ms. Mayfield is a citizen of the United States and a resident of Ohio and submits herself to the jurisdiction of this Court.

10.     At the time of the events pled below, Ms. Mayfield was a resident of Georgia, and all pled events occurred in the state of Georgia.

11.     Ms. Mayfield is capable of performing the essential functions of her job as Enterprise Account Executive with or without an accommodation.

12.     Ms. Mayfield is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq*.

13.     Ms. Mayfield had been employed with Lufthansa AG for more than 12 months and worked more than 1,250 hours in the 12 months preceding her serious health condition.

14.     At all relevant times, Lufthansa AG was Ms. Mayfield's employer, and Ms. Mayfield was Lufthansa AG employee, within the meaning of Title VII.

15.     Defendant Lufthansa AG is a foreign profit corporation registered and licensed to do business in the State of Georgia and transacts business in the Northern District of Georgia.

16.    Lufthansa AG is an employer engaged in commerce or in an industry affecting commerce withing the meaning of Title VII and the ADA.

17.    Lufthansa AG has employed more than 15 persons for each working day in each of 20 calendar weeks in the current or preceding calendar year.

18.    Lufthansa AG is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq.*

19.    Lufthansa AG had more than 50 employees within a 75-mile radius of the location in which Ms. Mayfield was employed in each of 20 or more consecutive calendar weeks in the current or preceding year within the meaning of 29 U.S.C. § 2601 *et seq.*

20.    Lufthansa AG is subject to this Court's jurisdiction and may be served with summons and a copy of the Complaint in this action by delivering process to CT Corporation, 289 South Culver Street, Lawrenceville, Georgia 30046.

## STATEMENT OF FACTS

21.    Ms. Mayfield began employment with Lufthansa AG in a temporary position starting March 2018, later becoming a permanent employee January 2019.

22.    Ms. Mayfield had a good performance record and received no verbal or written warnings about her performance during her employment with Lufthansa AG until she began making complaints of discrimination and taking protected FMLA leave.

23.    In June 2022, eight people on Ms. Mayfield's team received a cost-of-living increase, but she was passed over.

24.    Ms. Mayfield complained to her indirect supervisor, Paul Hennessy, that she believed the increase was not given to her because of her age.

25.    In September 2022, Defendant approved Intermittent FMLA leave up to four days a month for Ms. Mayfield.

26.    Toward the end of February 2023, Ms. Mayfield's immediate supervisor, Kevin Wilken, and Mr. Hennesy sought to write her up because she was "running out" of sick time.

27.    When Ms. Mayfield explained that she was using her FMLA-protected leave, Mr. Hennesy informed her that she was improperly recording her FMLA days.

28.    Moving forward, Ms. Mayfield ensured that her FMLA days were logged correctly.

29.    In May 2023, Ms. Mayfield met with Anne-Cecile Becker, a Human Resources representative for Defendant.

30.    Ms. Mayfield repeated her concern that the June 2022 raise was discriminatorily applied based on age.

31.    Ms. Mayfield also told Ms. Becker that she felt she was not chosen to sit on the Diversity Council because she was a black woman.

32.    In June 2023, Defendant fired Mr. Wilken and replaced him with Victor

5

Wilcher.

33.     Shortly after Mr. Wilcher began his role, he met with Ms. Mayfield to discuss her retirement plans.

34.     Mr. Wilcher also stated that the company "couldn't do anything" about Ms. Mayfield's FMLA leave.

35.     Ms. Mayfield told Mr. Wilcher that she felt she was being discriminated against at Lufthansa based on her age, race, and gender.

36.     After the meeting, Mr. Wilcher began excluding Ms. Mayfield from meetings, removing responsibilities from her role, and speaking down to her in front of other employees.

37.     On October 5, 2023, Mr. Wilcher and a new HR representative, Yolanda Cambi, blindsided Ms. Mayfield with a disciplinary action.

38.     Ms. Mayfield began to panic and asked that she be allowed to take the rest of the day off pursuant to her intermittent FMLA leave.

39.     On October 11, 2023, Mr. Wilcher presented Ms. Mayfield with a Final Written Warning.

40.     The Final Written Warning directly cited Ms. Mayfield's FMLA day as a reason for the disciplinary action.

41.     As a result of the Final Written Warning, Ms. Mayfield lost an educational scholarship for corporate sustainability training and was uninvited to a

corporate event in Seeheim.

42.    On October 18, 2023, Mr. Hennessy led a conversation regarding Ms. Mayfield's leadership of the Help Alliance Americas program. During the conversation, it was suggested that Ms. Mayfield was "not the right person to lead the initiative" because it was "better suited for a German colleague."

43.    On October 30, 2023, Ms. Mayfield emailed Mr. Wilcher, Mr. Hennessy, Stephanie Abeler, and Ashwin Bhat, the CEO, about the issues she was experiencing with her employment.

44.    On November 3, 2023, Kevin Quinn in Human Resources reached out to Ms. Mayfield.

45.    Ms. Mayfield informed Mr. Quinn that she was experiencing age and race discrimination, as well as FMLA retaliation.

46.    On November 29, 2023, Ms. Mayfield expressed to Mr. Quinn that she felt that she did not receive a DEI lead position due to discrimination.

47.    Mr. Quinn told Ms. Mayfield that Nikki Peebles was selected for the DEI lead role based on her LGBTQ status.

48.    The next day, November 30, 2023, Mr. Wilcher terminated Ms. Mayfield's employment.

## COUNT I
## Interference with FMLA Rights

49.    Ms. Mayfield incorporates by reference all the preceding paragraphs of

the Complaint.

50.    At all times relevant to this action, Ms. Mayfield was an eligible employee with a health condition as defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. § 2611(11) and 29 C.F.R. § 825.113.

51.    Defendant Lufthansa AG was aware of Ms. Mayfield's health condition.

52.    Ms. Mayfield took intermittent medical leave up to four (4) days per month for her health condition.

53.    Lufthansa AG was aware of Ms. Mayfield's health condition and that she was absent because of her health condition.

54.    Lufthansa AG willfully violated the FMLA when Mr. Wilcher gave Ms. Mayfield her Final Written Warning citing her approved Intermittent FMLA Leave absences, using her FMLA leave as a negative factor in determining raises or cost of living increases, and terminating her employment on November 30, 2023.

55.    Lufthansa AG's inference with Ms. Mayfield' federal right to FMLA leave was committed with reckless disregard for her right to take up to 12 work weeks of leave on an intermittent basis to care for her serious health conditions and in violation of the FMLA, 29 U.S.C. § 2615(a)(1).

56.    As a result, Ms. Mayfield is entitled to both equitable and monetary relief for Lufthansa AG's violation of the FMLA, specifically 29 U.S.C. §

2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

57.    Ms. Mayfield is also entitled to liquidated damages for Lufthansa AG's willful violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

## COUNT II
## Retaliation in Violation of the FMLA

58.    Ms. Mayfield incorporates by reference all the preceding paragraphs of the Complaint.

59.    At all times relevant to this action, Ms. Mayfield was an eligible employee with a health condition as defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. § 2611(11) and 29 C.F.R. § 825.113.

60.    Ms. Mayfield took approved intermittent medical leave beginning in September 2022 for her health condition.

61.    Lufthansa AG was aware of Ms. Mayfield' health condition and that she was absent because of her health condition.

62.    On October 11, 2023, Mr. Wilcher presented Ms. Mayfield with a Final Written Warning citing her FMLA Intermittent Leave.

63.    Lufthansa AG terminated Ms. Mayfield in retaliation for Ms. Mayfield's protected activity in violation of the FMLA.

64.    Lufthansa AG's retaliation against Ms. Mayfield for her protected activity was committed with reckless disregard for her right to be free from

discriminatory treatment on account of her exercise of her rights under the FMLA, 29 U.S.C. § 2615(a)(2).

65.    As a result, Ms. Mayfield is entitled to both equitable and monetary relief for Lufthansa AG's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

66.    Ms. Mayfield is also entitled to liquidated damages for the Lufthansa AG's willful violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

**COUNT III**
**AGE DISCRIMINATION**

67.    Ms. Mayfield incorporates by reference all preceding paragraphs of the Complaint.

68.    At all times material to this Complaint, Defendant was an "employer" within the meaning of 29 U.S.C. § 630(b).

69.    At all times material to this Complaint, Defendant had more than 20 employees.

70.    Under the ADEA, it is illegal for Defendant to discriminate against an individual because of that individual's age. 29 U.S.C. § 623(a).

71.    Defendant discriminated  against Ms. Mayfield by  paying her less than her younger counterparts and by terminating her because of her age, in violation of the ADEA.

10

72.     Defendant's discriminatory actions have caused Ms. Mayfield damages including, but not limited to, lost wages and benefits.

73.     Defendant's discriminatory acts were willful within the meaning of the ADEA.

74.     Ms. Mayfield is entitled to liquidated damages under 29 U.S.C. § 626(b).

### COUNT IV
### Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as Amended, 42 U.S.C. § 2000E

75.     Ms. Mayfield incorporates by reference all preceding paragraphs of this Complaint.

76.     As described above, Defendant's actions in subjecting Ms. Mayfield to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of Title VII, 42 U.S.C. § 2000e.

77.     The effect of the conduct was to deprive Ms. Mayfield of economic opportunities and otherwise adversely affected Ms. Mayfield's status as an employee because her race.

78.     As a direct and proximate result of Defendant's unlawful employment practices, Ms. Mayfield suffered injuries for which she is entitled to recover both equitable and compensatory damages, including but not limited to, back pay, front pay or reinstatement, compensatory damages, attorney's fees and

11

costs of litigation.

79.    At all times material to this Complaint, Ms. Mayfield was Defendant's employee, and Defendant was Ms. Mayfield's employer, within the meaning of Title VII.

80.    Defendant willfully and wantonly disregarded Plaintiff's rights and the unlawful acts taken against Plaintiff were undertaken in bad faith.

81.    At all times material to this Complaint, Defendant had more than 500 employees.

82.    Defendant violated Ms. Mayfield's rights under Title VII by terminating Ms. Mayfield because of her race.

83.    Defendant undertook the above-pled conduct, including terminating Ms. Mayfield, because of race in violation of Title VII's anti- discrimination provisions.

84.    Defendant acted with malice toward Ms. Mayfield's, authorizing an award of punitive damages.

85.    Additionally and in the alternative, Defendant acted with reckless disregard for Ms. Mayfield's federally protected rights, authorizing an award of punitive damages.

**COUNT V**
**RACE DISCRIMNATION IN VIOLATION OF U.S.C. §1981**

86.     Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

87.     Defendant terminated Plaintiff because of her race and discriminated against her by affecting her terms and conditions of employment.

88.     Defendant's stated reason for terminating Plaintiff's employment is pretext for racial discrimination.

89.     Defendant's discriminatory treatment and termination of Plaintiff was in violation of 42 U.S.C. § 1981.

90.     Defendant willfully and wantonly disregarded Plaintiff's rights under Section 1981 and acted in reckless disregard for Plaintiff's rights under Section 1981.

91.     Defendant's discriminatory actions against Plaintiff were taken in bad faith.

92.     As a result of Defendant's discriminatory treatment and termination of Plaintiff, Plaintiff has suffered lost compensation and other benefits of employment, garden variety emotional distress, inconvenience, loss of income, humiliation, and other indignities.

93.     As a result of Defendant's discriminatory treatment and termination of Plaintiff, Plaintiff has suffered lost compensation and other benefits of employment,

garden variety emotional distress, inconvenience, loss of income, humiliation, and other indignities.

## COUNT VI
### Retaliation in Violation of Title VII of the Civil Rights Act of 1964, as Amended, 42 U.S.C. § 2000E

94.     Ms. Mayfield incorporates by reference all preceding paragraphs of this Complaint.

95.     After Plaintiff complained about the disparate and harassing treatment she was suffering in the workplace, Defendant subjected Plaintiff to adverse employment actions in violation of Title VII, 42 U.S.C. § 2000e.

96.     The adverse actions are causally connected to her protected conduct.

97.     As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff suffered injuries for which she is entitled to recover both equitable and compensatory damages, including but not limited to, back pay, front pay or reinstatement, compensatory damages, attorney's fees and costs of litigation.

98.     Defendant willfully and wantonly disregarded Plaintiff's rights and the unlawful acts taken against Plaintiff were undertaken in bad faith.

## COUNT VII
### RETALIATION IN VIOLATION OF U.S.C. §1981

99.     Ms. Mayfield incorporates by reference all preceding paragraphs of

14

this Complaint.

100.    Plaintiff complained about the disparate and harassing treatment she was suffering in the workplace, Defendant subjected Plaintiff to adverse employment actions in violation of 42 U.S.C. § 1981.

101.    The adverse actions are causally connected to her protected conduct.

102.    As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff suffered injuries for which she is entitled to recover both equitable and compensatory damages, including but not limited to, back pay, front pay or reinstatement, compensatory damages, attorney's fees and costs of litigation.

103.    Defendant willfully and wantonly disregarded Plaintiff's rights and the unlawful acts taken against Plaintiff were undertaken in bad faith.

## COUNT VIII: GENDER DISCRIMINATION
## 42 U.S.C. § 2000E

104.    Ms. Mayfield is an "employee" as defined by Title VII, 42 U.S.C. § 2000e *et seq*.

105.    Lufthansa AG is an "employer" as defined by Title VII, 42 U.S.C. § 2000e *et seq*.

106.    Defendant terminated Ms. Mayfield because of her gender or, in the alternative, gender was a motivating factor in Ms. Mayfield's termination..

107.    Lufthansa AG replaced Ms. Mayfield with a male in the role of Enterprise Account Executive.

108.    Lufthansa AG's stated reason for terminating Ms. Mayfield's employment is pretext for gender discrimination.

109.    In the alternative, Ms. Mayfield presents a convincing mosaic of circumstantial evidence that she was terminated because of her gender.

110.    Lufthansa AG's discriminatory treatment of Ms. Mayfield violated Title VII.

111.    Lufthansa AG's actions were willful, deliberate, and intended to cause Ms. Mayfield harm and/or were committed with reckless disregard for the harm caused to her and were in derogation of her federally protected rights.

112.    Lufthansa AG's actions against Ms. Mayfield were taken in bad faith.

113.    As a direct and proximate result of Lufthansa AG's actions, Ms. Mayfield has suffered damages including emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

114.    Pursuant to Title VII, Ms. Mayfield is entitled to damages including back pay and lost benefits, front pay, compensatory damages, punitive damages, attorney's fees and costs of litigation, and all other relief recoverable under Title VII.

## **PRAYER FOR RELIEF**

Wherefore Plaintiff Wanyah Mayfield demands a TRIAL BY JURY and that

the following relief be granted:

(a)     Grant to Ms. Mayfield judgment in her favor and against Lufthansa AG under all counts of this Complaint;

(b)     Order Defendant Lufthansa AG to make Ms. Mayfield whole by providing for her out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Lufthansa AG's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(c)     Order Lufthansa AG to reinstate Ms. Mayfield or, alternatively, award her front pay;

(d)     Order Lufthansa AG to compensate Ms. Mayfield for mental and emotional damages suffered as a result of Lufthansa AG's unlawful and discriminatory acts;

(e)     Order Lufthansa AG to pay liquidated damages for its willful violations of the FMLA;

(f)     Order Lufthansa AG to pay punitive damages;

(g)     Grant to Ms. Mayfield a jury trial on all issues so triable;

(h)     Grant to Ms. Mayfield her reasonable attorney's fees and reasonable expert witness fees together with any and all other costs associated with this action; and

(i)      Grant to Ms. Mayfield such additional monetary and equitable relief as

the Court deems proper and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted this 22nd day of April 2025.

LEGARE, ATTWOOD & RAGAN, LLC

*/s/ Marissa R. Torgerson*
Marissa R. Torgerson
Georgia Bar No. 848356
Eleanor M. Attwood
Georgia Bar No. 514014
mrtorgerson@law-llc.com
emattwood@law-llc.com

125 Clairemont Ave, Suite 515
Decatur, GA 30030
Tel: (470) 823-4000
Fax: (470) 201-1212

Counsel for Plaintiff